IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

MAYBELL MCDANIEL,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

No. C16-0026

RULING ON JUDICIAL REVIEW

## TABLE OF CONTENTS

I.   *INTRODUCTION* .................................................. 2

II.  *PRINCIPLES OF REVIEW* ...................................... 2

III. *FACTUAL AND PROCEDURAL BACKGROUND* .................. 3

IV. *CONCLUSIONS OF LAW* ........................................ 5
    A.  *ALJ's Disability Determination* ........................... 5
    B.  *Objections Raised By Claimant* ........................... 7
        1.  *Credibility Determination* ............................ 7
            a.  *McDaniel's Subjective Allegations of Pain and Disability* ....................................... 7
            b.  *Third-Party Statements* ......................... 10
        2.  *RFC Assessment* .................................. 12

V.  *CONCLUSION* ................................................. 14

VI. *ORDER* ....................................................... 15

## I. INTRODUCTION

This matter comes before the Court on the Complaint (docket number 3) filed by Plaintiff Maybell McDaniel on February 12, 2016, requesting judicial review of the Social Security Commissioner's decision to deny her application for Title II disability insurance benefits.[1] McDaniel asks the Court to reverse the decision of the Social Security Commissioner ("Commissioner") and order the Commissioner to provide her disability insurance benefits. In the alternative, McDaniel requests the Court to remand this matter for further proceedings.

## II. PRINCIPLES OF REVIEW

The Commissioner's final determination not to award disability insurance benefits following an administrative hearing is subject to judicial review. 42 U.S.C. § 405(g). The Court has the authority to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id.* The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3).

The Court "'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014). Substantial evidence is defined as less than a preponderance of the evidence, but is relevant evidence a "'reasonable mind would find adequate to support the commissioner's conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014). In determining whether the ALJ's decision meets this standard, the Court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (citation omitted). "The findings of the

---

[1] On April 15, 2016, both parties consented to proceed before a magistrate judge in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

2

Commissioner ... as to any fact, if supported by substantial evidence, shall be conclusive ..." 42 U.S.C. § 405(g). The Court not only considers the evidence which supports the ALJ's decision, but also the evidence that detracts from his or her decision. *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012)

In *Culbertson v. Shalala*, the Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "'something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal.'"

30 F.3d 934, 939 (8th Cir. 1994). In *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011), the Eighth Circuit further explained that a court "'will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" "'An ALJ's decision is not outside that zone of choice simply because [a court] might have reached a different conclusion had [the court] been the initial finder of fact.'" *Id.* Therefore, "even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). *See also Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) ("'As long as substantial evidence in the record supports the Commissioner's decision, [the court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently.' *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).").

### *III. FACTUAL AND PROCEDURAL BACKGROUND*

McDaniel was born in 1967. She is a high school graduate. In the past, McDaniel worked as an apartment manager, general clerk, hotel clerk, and payroll clerk.

McDaniel filed her application for disability insurance benefits on July 16, 2012, alleging disability due to joint pain and irritable bowel syndrome. McDaniel alleged she became disabled on October 15, 2011. Her application was denied upon initial review, and on reconsideration. On April 17, 2014, McDaniel appeared via video conference with her attorney before Administrative Law Judge ("ALJ") David G. Buell for an administrative hearing.[2] In a decision dated June 19, 2014, the ALJ denied McDaniel's claim. The ALJ determined McDaniel was not disabled and not entitled to disability insurance benefits because she was functionally capable of performing work that exists in significant numbers in the national economy. McDaniel appealed the ALJ's decision. On December 21, 2015, the Appeals Council denied McDaniel's request for review. Consequently, the ALJ's June 19, 2014 decision was adopted as the Commissioner's final decision.

On February 12, 2016, McDaniel filed the instant action for judicial review. A briefing schedule was entered on April 20, 2016. On July 20, 2016, McDaniel filed a brief arguing that there is no substantial evidence in the record to support the ALJ's finding that she is not disabled and that she is functionally capable of performing other work that exists in significant numbers in the national economy. On August 3, 2016, the Commissioner filed a responsive brief arguing that the ALJ's decision was correct and asking the Court to affirm the ALJ's decision.

Additionally, on July 7, 2016, both parties together filed a joint statement of facts addressing McDaniel's background, the case's procedural history, testimony from the administrative hearing, and McDaniel's medical history. See docket number 11. The parties' joint statement of facts is hereby incorporated by reference. Further discussion

---

[2] At the administrative hearing, McDaniel was represented by attorney Laura Seelau. On appeal, she is represented by attorneys Corbett A. Luedeman and Thomas A. Krause.

of pertinent facts will be addressed, as necessary, in the Court's consideration of the legal issues presented.

## IV. CONCLUSIONS OF LAW

### A. ALJ's Disability Determination

The ALJ determined McDaniel was not disabled. In making this determination, the ALJ was required to complete the five-step sequential test provided in the social security regulations. *See* 20 C.F.R. § 404.1520(a)-(g); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Moore v. Colvin*, 769 F.3d 987, 988 (8th Cir. 2014). The five steps an ALJ must consider are:

> (1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is or approximates an impairment listed in Appendix 1; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work.

*Hill v. Colvin*, 753 F.3d 798, 800 (8th Cir. 2014); *see also* 20 C.F.R. § 404.1520(a)-(g). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

In considering the steps in the five-step process, the ALJ:

> first determines if the claimant engaged in substantial gainful activity. If so, the claimant is not disabled. Second, the ALJ determines whether the claimant has a severe medical impairment that has lasted, or is expected to last, at least 12 months. Third, the ALJ considers the severity of the impairment, specifically whether it meets or equals one of the listed impairments. If the ALJ finds a severe impairment that meets the duration requirement, and meets or equals a listed impairment, then the claimant is disabled. However, the fourth step asks whether the claimant has the residual functional capacity to do past relevant work. If so, the

5

claimant is not disabled. Fifth, the ALJ determines whether
the claimant can perform other jobs in the economy. If so, the
claimant is not disabled.

*Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010). At the fourth step, the claimant "'bears the burden of demonstrating an inability to return to [his] or her past relevant work.'" *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). If the claimant meets this burden, the burden shifts to the Commissioner at step five to demonstrate that "'the claimant has the physical residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with [his or] her impairments and vocational factors such as age, education, and work experience.'" *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). The RFC is the most an individual can do despite the combined effect of all of his or her credible limitations. 20 C.F.R. § 404.1545(a); *Toland v. Colvin*, 761 F.3d 931, 935 (8th Cir. 2014). The ALJ bears the responsibility for determining "'a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his or] her limitations.'" *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013); 20 C.F.R. § 404.1545.

The ALJ applied the first step of the analysis and determined McDaniel had not engaged in substantial gainful activity since October 15, 2011. At the second step, the ALJ concluded from the medical evidence McDaniel has the following severe impairments: degenerative disc disease in the lumbar spine, obesity, mood disorder, and irritable bowel syndrome with anal pain. At the third step, the ALJ found McDaniel did not have an impairment or combination of impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. At the fourth step, the ALJ determined McDaniel's RFC as follows:

> [McDaniel] has the residual functional capacity to perform
> light work . . . except she can stoop, crouch and kneel only
> occasionally. She cannot crawl or climb ladders, scaffolds, or

ropes. She requires jobs that are performed indoors with
ready and typical access to a toilet. She is limited to simple,
routine and repetitive work. She cannot perform detailed work
requiring independent judgment.

(Administrative Record at 23.) Also at the fourth step, the ALJ determined McDaniel is unable to perform her past relevant work. At the fifth step, the ALJ determined that based on her age, education, previous work experience, and RFC, McDaniel could work at jobs that exist in significant numbers in the national economy. Therefore, the ALJ concluded McDaniel was not disabled.

## B. Objections Raised By Claimant

McDaniel argues the ALJ erred in two respects. First, McDaniel argues the ALJ failed to properly evaluate her subjective allegations of pain and disability, and failed to properly evaluate third-party statements from members of her family. Second, McDaniel argues the ALJ's RFC assessment is flawed because it is not supported by substantial evidence and does not properly set forth her credible functional limitations.

### 1. Credibility Determination

#### a. McDaniel's Subjective Allegations of Pain and Disability

McDaniel argues the ALJ failed to properly evaluate her subjective allegations of pain and disability. McDaniel maintains the ALJ's credibility determination is not supported by substantial evidence. The Commissioner argues the ALJ properly considered McDaniel's testimony, and properly evaluated the credibility of her subjective complaints.

When assessing a claimant's credibility, "[t]he [ALJ] must give full consideration to all the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; [and] (5) functional restrictions." *Polaski v.*

7

*Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ should also consider a "a claimant's work history and the absence of objective medical evidence to support the claimant's complaints[.]" *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). The ALJ, however, may not disregard a claimant's subjective complaints "'solely because the objective medical evidence does not fully support them.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012).

Instead, an ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the record as a whole." *Wildman v. Astrue*, 596 F.3d 959, 968 ((8th Cir. 2010); *see also Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) ("The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole."). If an ALJ discounts a claimant's subjective complaints, he or she is required to "'make an express credibility determination, detailing the reasons for discounting the testimony, setting forth the inconsistencies, and discussing the Polaski factors.'" *Renstrom*, 680 F.3d at 1066; *see also Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008) (An ALJ is "required to 'detail the reasons for discrediting the testimony and set forth the inconsistencies found.' *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003)."). Where an ALJ seriously considers, but for good reason explicitly discredits a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001); *see also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (providing that deference is given to an ALJ when the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination."). "'The credibility of a claimant's subjective

testimony is primarily for the ALJ to decide, not the courts.'" *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010).

In his decision, the ALJ addressed inconsistencies with McDaniel's subjective allegations of pain and disability and the objective medical evidence.[3] The ALJ further addressed McDaniel's subjective allegations as follows:

> The undersigned has considered the medical evidence, family reports and testimony. There is little doubt [McDaniel] is experiencing symptoms of IBS; however, the frequency is questionable. [McDaniel] never reported to treatment providers that she [had] anal leakage to the extent that bowel would run down her leg or she would have accidents in her clothing. There is no evidence on examination that [she] had anal swelling or bleeding. [McDaniel] was simply maintained on a topical steroid for any symptoms. [McDaniel] never reported to treatment providers that she was having difficulty walking due to sitting on the toilet from 15 to 30 minutes several times a day, nor did [she] report that she was often slouched over due to pain. [McDaniel] underwent two elective surgeries for lap banding and gastric bypass despite claims that she could rarely leave the bathroom. Despite claims of 17 stools a day, [McDaniel] maintained her weight and actually regained her weight after her lap band surgery. Based on these discrepancies the undersigned questions the duration, frequency and intensity of [McDaniel's] IBS symptoms.

(Administrative Record at 27-28.)

It is clear from the ALJ's decision that he thoroughly considered and discussed McDaniel's treatment history, medical history, functional restrictions, use of medications, and activities of daily living in making his credibility determination. Thus, having reviewed the entire record, the Court finds that the ALJ adequately considered and

---

[3] *See* Administrative Record at 25-26 (noting McDaniel only reported minor difficulties with irritable bowel syndrome to her treating physicians); 27 (noting McDaniel had normal EGD and colonoscopy testing).

addressed the *Polaski* factors in determining McDaniel's subjective allegations of disability were not credible. *See Johnson*, 240 F.3d at 1148; *see also Goff*, 421 F.3d at 791 (an ALJ is not required to explicitly discuss each *Polaski* factor, it is sufficient if the ALJ acknowledges and considers those factors before discounting a claimant's subjective complaints); *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996)."). Accordingly, because the ALJ seriously considered, but for good reasons explicitly discredited McDaniel's subjective complaints, the Court will not disturb the ALJ's credibility determination. *See Johnson*, 240 F.3d at 1148. Even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

### b. Third-Party Statements

McDaniel also argues that the ALJ improperly discredited third-party statements provided by various family members. McDaniel maintains this matter should be remanded to allow the ALJ to both fully consider and address the third-party statements regarding her disability.

When considering third-party testimony concerning a claimant's symptoms or difficulties with pain, the regulations provide that an ALJ must "'carefully consider any other information you may submit about your symptoms,' including statements 'other persons provide about your pain or other symptoms.'" *Buckner v. Astrue*, 646 F.3d 549, 559 (8th Cir. 2011) (quoting 20 C.F.R. § 404.1529(c)(3)); *see also Willcockson v. Astrue*, 540 F.3d 878, 880-81 (8th Cir. 2008) ("[S]tatements of lay persons regarding a claimant's condition must be considered when an ALJ evaluates a claimant's subjective complaints of pain."). In other words, an ALJ should not ignore the statements of other parties regarding a claimant's condition. *Willcockson*, 540 F.3d at 881. However, in *Robinson*

*v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992), the Eighth Circuit Court of Appeals determined that failure to provide any reasons for discrediting a third-party witness is not error when support for discrediting such a witness is found in the same evidence used by an ALJ to find that a claimant's testimony is not credible. *See also Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995) ("[A]lthough the ALJ failed to list specific reasons for discrediting the testimony of Carol Bennett, it is evident that most of her testimony concerning Lorenzen's capabilities was discredited by the same evidence that discredits Lorenzen's own testimony concerning his limitations."); *Buckner*, 646 F.3d at 559-60 (discussing *Robinson* and *Lorenzen* and applying that reasoning to testimony from the claimant's girlfriend).

In his decision, the ALJ addressed the third-party statements as follows:

> Little weight is given to the family statements, in that they are not medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms, the accuracy of the statements is questionable. Additionally, the statements are simply not consistent with the preponderance of the opinions and observations by medical doctors in this case. (Exhibit 19E, 24E, 25E, 26F).

(Administrative Record at 25.)

It is clear from the ALJ's decision that he considered and addressed the statements of McDaniel's family members. Furthermore the ALJ provided reasons for discounting these statements. By providing reasons for discrediting the third-party statements, the ALJ did more than is necessary according to the Eighth Circuit Court of Appeals, for evaluating the credibility of third-party witnesses. In *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992), the Eighth Circuit determined that failure to provide any reasons for discrediting a third-party witness or statement is not error when support for discrediting such a witness or statement is found in the same evidence used by an ALJ to find that a

claimant's testimony is not credible. *See also Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995) ("[A]lthough the ALJ failed to list specific reasons for discrediting the testimony of Carol Bennett, it is evident that most of her testimony concerning Lorenzen's capabilities was discredited by the same evidence that discredits Lorenzen's own testimony concerning his limitations."); *Buckner*, 646 F.3d at 559-60 (discussing *Robinson* and *Lorenzen* and applying that reasoning to testimony from the claimant's girlfriend). Because the ALJ explicitly considered the various statements of members of McDaniel's family and provided reasons for discrediting those statements, the Court concludes the ALJ properly addressed the third-party statements in making his credibility determination. Moreover, because the ALJ sufficiently assessed McDaniel's credibility (*see* section *IV.B.1.a* of this decision), and the evidence that the ALJ referred to in discrediting McDaniel's claims also discredits her family's claims, the Court finds no error in the ALJ's credibility determination for the various third-party statements. *Buckner*, 646 F.3d at 560. Therefore, the Court concludes McDaniel's assertion that the ALJ improperly discredited the statements of various family members is without merit.

### 2. *RFC Assessment*

McDaniel argues the ALJ's RFC assessment is flawed. Specifically, McDaniel contends the ALJ's RFC assessment is not supported by substantial evidence in the record. In particular, McDaniel asserts there is no opinion evidence regarding the number of restroom breaks she would need in a typical day due to her irritable bowel syndrome. McDaniel maintains this matter should be remanded for a new RFC determination based on a fully and fairly developed record, including a medical opinion on the frequency with which she would be required to use the restroom due to irritable bowel syndrome.

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with claimant's impairments and

vocational factors such as age, education, and work experience. *Beckley*, 152 F.3d at 1059. The ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence. *Guilliams*, 393 F.3d at 803. Relevant evidence for determining a claimant's RFC includes "'medical records, observations of treating physicians and others, and an individual's own description of his [or her] limitations.'" *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson*, 361 F.3d at 1070). While an ALJ must consider all of the relevant evidence when determining a claimant's RFC, "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Casey*, 503 F.3d at 697 (citing *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004)).

Additionally, an ALJ has a duty to develop the record fully and fairly. *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007). Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts*, 143 F.3d at 1138 (quoting *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994)); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted).

As the Commissioner points out in her brief, McDaniel, "not the ALJ, has the burden of producing evidence supportive of her claims about restroom frequency use."[4] *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001) ("It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's

---

[4] Commissioner's Brief (docket number 13) at 5.

RFC.") McDaniel offers no evidence to support her contention that the ALJ's RFC assessment is flawed because there is no opinion evidence regarding the number of restroom breaks she would need in a typical day. Furthermore, as discussed in section *IV.B.1* of this decision, the ALJ thoroughly addressed and considered McDaniel's medical history and treatment for her various health complaints, including irritable bowel syndrome, and also properly considered and thoroughly addressed her subjective allegations of pain and disability in making his overall disability determination, including determining McDaniel's RFC.[5] Therefore, having reviewed the entire record, the Court finds that the ALJ properly considered McDaniel's medical records, observations of treating physicians, and McDaniel's own description of her limitations in making the ALJ's RFC assessment for McDaniel.[6] *See Lacroix*, 465 F.3d at 887. Furthermore, the Court finds the ALJ's decision is based on a fully and fairly developed record. *See Cox*, 495 F.3d at 618. Because the ALJ considered the medical evidence as a whole, the Court concludes that the ALJ made a proper RFC determination based on a fully and fairly developed record. *See Guilliams*, 393 F.3d at 803; *Cox*, 495 F.3d at 618. The Court concludes McDaniel's assertion that the ALJ's RFC assessment is flawed is without merit.

## V. CONCLUSION

The Court finds the ALJ properly determined McDaniel's credibility with regard to her subjective complaints of pain and disability. The Court also finds the ALJ considered the medical evidence as a whole, and made a proper RFC determination based

---

[5] *See* Administrative Record at 25-27 (providing a thorough discussion of McDaniel's overall medical history and treatment); 27-28 (providing a thorough discussion of McDaniel's subjective allegations of pain and disability).

[6] *Id.* at 25-28 (providing a thorough discussion of the relevant evidence for making a proper RFC determination).

on a fully and fairly developed record. Accordingly, the Court determines the ALJ's decision is supported by substantial evidence and shall be affirmed.

### VI. ORDER

1. The final decision of the Commissioner of Social Security is **AFFIRMED**;
2. Plaintiff's Complaint (docket number 3) is **DISMISSED** with prejudice; and
3. The Clerk of Court is directed to enter judgment accordingly.

DATED this 23rd day of November, 2016.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA